Parker C. J.
drew up the opinion of the Court. The demandant’s right to recover possession of the premises demanded is perfect, unless defeated by the levy made by the tenant to satisfy the judgment which he had recovered against Moses Stickney.
The title of Stickney proceeded from the demandant, and was restored to him by the mortgage deed from Stickney. The deed to Stickney being on record exposed the land to the attachment of any of his creditors, so long as the mortgage deed remained unrecorded ; but if not attached during that period, it was not liable to the debts of Stickney. By the writ of attachment and the return thereon by the officer, until amended, it would appear that Stickney had nothing which could be attached but the right in equity to redeem ; for the mortgage deed was recorded on the 27th of May, and the attachment was apparently not made until the 6th of June following. A purchaser for a valuable consideration, ignorant of any attachment before his purchase, would unquestionably have held against a creditor claiming under that attachment; and no amendment of the *172 officer’s return would defeat his title. It would be unreasonable that one who had purchased an apparently good title, should lose his estate by a subsequent alteration of the state of things made by an officer who had become chargeable for omission or neglect of duty, and who is under so strong temptation to protect himself to the prejudice of another party. The writ must be presumed to have been filed with the return upon it, stating that the land was attached on the 6th of June, at the term to which it was returnable. It remains on the files until the next succeeding term, when leave is obtained for the officer to amend his return, carrying back the attachment to the 6th of March preceding. Shall this prejudice a title acquired in the interval ? We think it ought not to. There is negligence in the officer, which he ought not to be permitted to repair at the expense of others.
The demandant’s case is at least as meritorious as that of a subsequent purchaser without notice. He took the mortgage as security for the price of the same land, which he had sold to Stickney, on the same day that he conveyed to Stickney. By omitting to register his mortgage deed, he left the land exposed to attachment by Stickney’s creditors ; but the only evidence of such attachment is the return of the officer. He records his mortgage when there is no evidence of an intervening attachment. In equity we think he is as well entitled to hold under his deed, as the creditor would be to hold under an attachment appearing to be made before the deed was on re cord. We do not interfere with the rights of the Court of Common Pleas to allow the officer to alter his return ; from the evidence on which that court acted, we presume they had sufficient ground to be satisfied that the attachment was made on the 6th of March. But they did not decide on the effect of the amendment, nor could they, so as to bind this Court upon any question arising out of the proceedings, which might affect the rights of third persons. The whole matter appearing of record to us, the original return and the subsequent amendment, we must decide on the legal effect upon the plaintiff’s title, and we are satisfied that the title is not impaired by the attachment as proved. A different decision would be produc- • tive, we apprehend, of great mischief. The time when an *173 attachment is actually made, of real estate, can never be a subject of proof, if the officer shall choose, as he generally does, to act in this respect without witnesses. It is supposed that he is not obliged even to go upon the land, but may in his own house or office, by writing and signing a return upon a writ, create a legal lien upon land any where within the county ;` [1] or if this be not so, he is required to do no act of notoriety, to take no witness', to erect no signal of attachment. He has then under his control, the rights of parties, which he can dispose of as he pleases, postponing one to another, and giving preferences, without being amenable, because without proof. He should be bound then by the official stamp which he gives to his proceedings, there being no other guard or check upon him. He should at least make a minute of his doings at the very moment when the act is to have its legal operation, and not, after months have elapsed, be permitted to retrace his steps and change the whole effect of his proceedings, as apparent by his official return. Being liable for a neglect to attach as soon as he might, the temptation to protect himself by correcting supposed errors, renders it unsafe to confide in him. It is better for the public and for officers themselves, that they should be dealt with strictly, for mistakes will increase with the indulgence that is used towards them. We do not find in any of the cases cited, any intimation that an amendment of an officer’s return will have the operation to defeat the rights of a third party, which would be valid without such an amendment. The cases from our own reports show only that the return of an officer is conclusive, but what shall be considered his return is not determined. The case of Williams v. Brackett, 8 Mass. R. 240, has a strong bearing against the tenant’s position, as has also the case of Freeman v. Paul, 3 Greenleaf, 260. And it will be found on examination of the cases in which amendments of writs have been granted, that the effect of them, when any change has been made, has been limited to the parties to the suit in which the amendment is granted.[1]
*174 We are all, therefore, after much deliberation, of opinion that the demandant’s title to the land is unaffected by the at- ‘ tachment, and therefore that the tenant must be defaulted.

 See Taylor v. Mixter, 11 Pick. 341; Crosby v. Allen, 5 Greenleaf, 453.

 See Means v. Osgood, 7 Greenleaf, 146; Bowman v. Stark, 6 N. Hamp. R. 159; Brainard v. Burton, 5 Vermont R. 97; Johnson v. Day, 17 Pick. 106; Haven v. Snow, 14 Pick 28; Mahurin v. Brackett, 5 N. Hamp. R. 9; Spear v *174 Sturdivant, 14 Maine R. (2 Shepley,) 263; Howard v. Turner, 6 Greenleaf, 106; Porter v. Haskell, 2 Fairfield, 177; Smith v. Daniel, 3 Murphey, 128; Berry v. Spear, 13 Maine R. (1 Shepley,) 187; Bannister v Higginson, 15 Maine R. (3 Shepley,) 73; Honey v Waite, 17 Pick. 196